NO. 8346

———

C O U R T   O F   A P P E A L

P A R I S H   O F   O R L E A N S

———

R O B E R T   E .   L E E

versus

TOYE BROS. AUTO & TAXICAB COMPANY INC.

———

———

Court of Appeal,
PARISH OF ORLEANS
FILED

8346

Dinkelspiel; J.

Plaintiff institutes this suit against the defendant, claiming the sum of $1900.00, damages, asserting that on January 22nd, 1921, he employed defendant company, which is in the business of hiring taxicabs for public conveyance and contracted with them to become a passenger in one of their conveyances, going from Melpomene & Howard Streets to St. Peter & Fillmore Streets and that whilst being driven at a high rate of speed, the chauffeur ran into an obstruction, a tree, which could have been avoided had he been careful instead of negligent and in consequence of said accident and the jolt which he received when thrown from his seat, the glass frame work which separates the chauffeur's seat from the body of the taxicab, the car jolted and his head and neck received a deep gash on the right side of the face and head, the face and neck being severely cut by the glass and as a result he bears scars on his face and neck and will likely bear/these scars for life.      He further alleges that he was attended to by his physician who bandaged his face and head; that he suffered severe pains for more than five weeks and that he still bears scars from as the result of cuts received from said accident and that the accident was due to the negligence, want of care and caution of the chauffeur who was the employee of defendant and that plaintiff in no wise contributed to said accident.      Wherefore he prays for judgment.

To this petition there was filed an exception of no cause of action and subsequently the answer which substantially claims, admitting the accident, that the bruises received were not such calculated to do great bodily harm or cause serious injury; that plaintiff was not so seriously injured that it would cause/him to xxxkxxx lose his position as fireman or in any wise affect him personall, save and except that possibly the scars on his neck might remain for a while and then become as other parts of

752

his body, also claiming that plaintiff was intoxicated and that the glass was cracked, but otherwise there was no serious injury.

It has ~~constantly~~ been established beyond doubt that the allegations of plaintiff's petition, through his testimony and that of his sister-in-law and other members of his family, together with his physician, that the injuries caused by the accident as above stated could have been avoided by the defendant's employee by careful driving; that it was at the time of the evening, just before six o'clock, when the stump in the road could have been seen and should have been ~~xxxx~~ seen, but recklessly and carelessly as we think, and this testimony justifies us in this opinion, this chauffeur drove plaintiff in a manner to cause the injuries claimed by him and whilst we do not /believe ~~consexxex~~ that possibly they were serious, as serious as to cause injury for life, yet they were amply illustrated by plaintiff's appearance ~~xx~~ several months after this trial in the Court aquo when he still gave evidence of what his testimony has proven.

There is no justification whatever on the part of the defendant company nor do we believe that plaintiff was drunk or in any wise affected on this particular occasion; he denies it and so do members of his family and the only witness who pretends to anything of this sort ~~xx~~ is the chauffeur himself.

The Civil Code provides, Art. 2315. "Every act whatever of man that causes damage to another, obligates him by whose fault it happens to repair it."

A careful examination of this record convinces us that plaintiff has told the plain, unvarnished truth of the unfortuante accident and the injuries that he received; his testimony is complete, full and to our minds entirely satisfactory; besides this he was before the District Judge who saw and heard him, together with the witnesses on both sides of the case and under the circumstances his opinion in this

753

matter; being entirely a question of fact, having the witnesses before him, seeing them, hearing them testify, has been held ever to be an important factor in the decision of cases, and under these circumstances, appreciating these facts and that his Honor the Judge of the Lower Court heard and saw the witnesses and rendered an opinion in this case which in our opinion does justice to the parties, we wee no reason to disturb it.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo in this case be and it is hereby affirmed, with costs against defendants in both Courts.

-JUDGMENT AFFIRMED-